PER CURIAM.
Appellants are the maternal grandmother and aunt of J.P., who is now 11-years old. Appellee is J.P.’s father. Appellee lives in California. J.P. has lived in Florida since she was six months old pursuant to a California court order that awarded Appellee and J.P.’s mother “joint legal custody,” but awarded “primary physical custody” of J.P. to the mother. Appellants petitioned for guardianship and custody of J.P. after her mother died unexpectedly in March 2010. Appellants alleged that Ap-pellee had abandoned J.P. and that it was in her best interests to remain with Appellants in Florida. The trial court granted temporary custody to Appellants in April 2010. The order on appeal, issued in August 2011, provided that J.P. will remain in Appellants’ custody on a temporary basis pending her reunification with Appellee pursuant to a transition plan to be developed by a mental health professional. The order made detailed findings that Appellee did not abandon J.P. and that it would not be detrimental to J.P. to reunify her with Appellee pursuant to an appropriate transition plan. After the trial court denied their motion for rehearing, Appellants timely appealed the order to this court.[1]
Appellants raise three issues in their brief — 1) that the trial court erred “by applying a different standard of proof than was required by the nature of the proceeding noticed for final hearing”; 2) that the trial court erred in “the application of the definition of abandonment by failing to consider the natural parent’s exercise of substantial parental rights and responsibilities”; and 3) that the trial court abused its discretion in denying their motion for rehearing based on new evidence they sought to offer and the court’s “misapprehension” of the evidence presented at the evidentiary hearing. We affirm all of these issues without discussion and, as to the issues discussed in the dissent, we note (as did the court below) *162 that although this case was initiated as a guardianship case, it was effectively tried by consent as a custody case, and moreover, Appellants’ motion for rehearing did not preserve any issue regarding the nature of the relief ordered by the trial court. Additionally, Appellants did not preserve, or expressly raise in their brief, any issue regarding the version of the statute applied by the trial court in determining that Appellee did not abandon J.P.
Accordingly, the order on appeal is AFFIRMED.
VAN NORTWICK and WETHERELL, JJ., concur; MAKAR, J., dissents with opinion.

. The notice of appeal was filed in September 2011, and even though this appeal was designated for expedited treatment as a "child case,” it took nearly a year for the court to dispose of this appeal. The delay was largely attributable to Appellants’ counsel whose failure to comply with this court’s orders resulted in the appeal being dismissed twice. The appeal was reinstated for the final time in January 2012, and due in part to Appellants' initial brief being stricken for its failure to comply with the appellate rules, this appeal was not perfected and ready for action by the court until June 2012.